### 13209.   HARRISON v. THE STATE.

LUKE, J. The evidence in this case did not authorize the finding and
judgment of the trial judge; and for this reason it was error to overrule
the motion for a new trial.

     *Judgment reversed.   Broyles, C. J., and Bloodworth, J., concur.*

Confiscation; from city court of LaGrange — Judge Duke Davis.
December 10, 1921.

This was a proceeding to condemn and sell a motor-vehicle which
the petition alleged was conveying intoxicating liquor while Ed
Harrison, the alleged owner of the vehicle, was operating it. Har-
rison, in his answer, denied the allegations of the petition. The
case was tried by the court without a jury, and the trial resulted in
a judgment condemning the vehicle and ordering that it be sold.
Harrison made a motion for a new trial on the usual general
grounds and the ground that the court erred in excluding certain
testimony.

From the evidence it appeared that the sheriff and others saw
Ed Harrison drive to a certain church a car containing other
persons and stop the car there, and that Jerry Traylor got out
of the car, went from it "a piece," turned back, took a bottle
from the back of the car, and ran with it through some bushes,
and the sheriff quickly followed Traylor and found a bottle of
whisky lying by the side of a path, whereupon he arrested Har-
rison and the others in the car and seized the car; that Harrison
had made several trips back and forth in the same direction;
that on seeing the sheriff he made no effort to leave, and that
he said they "took Jerry up on the other side of the creek,"
and he "did [not?] know Jerry had any whisky when he got in
the car." Harrison testified: "I did not see any liquor. I did
not have any liquor in the car. I know that Traylor did not carry
any liquor in his hand. They told me he was Jerry Traylor. I did
not know who he was. I did not go back and forth to the church
but one time, and that was to take my wife. . . I was on the
front seat of my car, and this negro who they said was Jerry
Traylor jumped on the running board two or three hundred yards
from the church, and I told him, if he was going to ride, to get
in the car, the running board was weak. If he had any liquor,
I did not know it." Other witnesses who were in the car testified
that they did not see any liquor taken from it. There was evidence
as to the good character of the defendant.

*Henry Reeves,* for plaintiff in error.
*L. L. Meadors, solicitor,* contra.